### J. M. PHILLIPS v. CITY OF DALLAS.

#### (No. 5178.)

APPEAL from Dallas County. Opinion by 'WHITE, P. J.

COBB & AVERY, counsel for appellant.

W. H. JOHNSON, counsel for appellee.

§ **294.** *Municipal corporation; liability of for injuries caused by defective streets; actual knowledge by corporation of defects not necessary, when; case stated.* Appellant instituted this suit against appellee to re-

cover damages for injury done to his horse, said injury being caused by the breaking of a plank on a bridge over which said horse was being driven, said bridge being over a ditch in said city. In justice's court, in which the suit was instituted, appellant recovered judgment for $150 damages. The city appealed to the county court, and upon a trial *de novo* in that court appellant proved substantially as follows: That the horse was injured by breaking through a bridge over a ditch or drain, within the corporate limits of said city; that said ditch or drain was about two feet deep; that the bridge over it was made of post oak plank which were placed on a level with the surface of the ground, and which bridge, by continual passage over it, became covered with dust and dirt so that its unsafe condition could not readily be seen by persons passing over it; that at the time of the injury the horse was attached to an unloaded wagon, and was being driven in a walk and carefully; that when about the middle of the bridge one of the planks of it broke, and the horse's foot and leg were precipitated through the bridge and greatly injured, from which injury the horse died some months thereafter, although he was carefully attended to, and all reasonable means used to save him; that the planks of which the bridge was made were originally two inches thick, and were still that thick at the ends, but by long usage they had worn thin in the middle; were less than one inch in thickness in the middle, and were no longer strong enough to bear the weight of a horse; that said bridge was much used by the traveling public, etc. Appellee demurred to the evidence " because insufficient in law to sustain a verdict and judgment against the city." The judge sustained the demurrer, withdrew the cause from the jury and rendered judgment for the city, upon the ground that actual notice to the city of the unsafe condition of the bridge had not been proved; that without actual knowledge of the unsafe condition of the bridge the city was not liable for the injury. *Held* error. " Where the duty to keep

its streets in safe condition rests upon the corporation, it is liable for injuries caused by its *neglect* or *omission* to keep the streets in repair, as well as for those caused by defects occasioned by the *wrongful acts of others;* but as in such case the *basis of the action is negligence, notice to the corporation of the defect* which caused the injury, or facts from which notice thereof may reasonably be inferred, or proof of circumstances from which it appears that the defect ought to have been known and remedied by it, is essential to liability." [2 Dillon's Munic. Corp. (3d ed.) § 1024.] Again, the same author says, "If a municipal corporation, which by law is required to keep its streets in repair, by its officers or servants have the means of knowing that a highway is unfit for travel, and are negligently ignorant of its state, they are guilty of negligence." [Id. § 1025.]

When bridges are part of a street and built by municipal authorities under powers given to them by the legislature, they are liable for defects therein on the same principle and to the same extent as for defective streets and sidewalks. [4 Wait's Ac. & Def. pp. 638, 639.] As to defects in sidewalks the rule seems to be, that to render a city liable for injuries resulting from a defect therein, it must appear either that the city had notice of the defect, or that it was a patent defect, and had continued so long that notice might reasonably be inferred, or that the defect was one which with reasonable and proper care should have been ascertained and remedied. [4 Wait's Ac. & Def. p. 637.] "The liability of a city for an injury caused by a defect in a public street or sidewalk extends only to a defect of which the city has had actual notice, or which has existed long enough, or notably enough, for notice to be reasonably inferred. But the rule as to notice has no application to a case where the ignorance of a defect is the result of a clear and unmistakable omission. If the exercise of a proper supervision would have led to the discovery of a defect in season to repair it, or to protect the public against it,

there is the same liability for an injury caused by the defect as if there had been actual knowledge of it." [Boone on Munic. Corp. § 305.] Where a person was injured from a defective sidewalk, caused by the *stringers of a bridge upon which the boards rested having decayed,* so as not to hold nails, in consequence of which a loose board tipped when stepped upon by a companion walking with the injured person, and it was shown that the stringers had been in that condition for a long time before the accident, although it was not shown affirmatively that the city knew of the board being loose at the time, the city was held chargeable with notice of the unsafe condition of the sidewalk, and to have been guilty of negligence in not having it repaired. [Aurora v Hillman, 90 Ill. 61.] In City of Galveston v. Posnainsky, 62 Tex. 118, it is said, "the supreme court of the United States, in a number of cases, has held that municipal corporations are responsible for injuries which result from the neglect to keep their streets and other like public works in repair," and numerous authorities to the effect that a city is responsible for its mere negligence to keep its sidewalks in repair are cited. Viewed in the light of the authorities, we are of the opinion that upon the facts of this case the city of Dallas might, in the opinion of a jury, be held liable upon the ground that it had constructive notice of the defect in the bridge. Such notice would be sufficient to render the city responsible for the injury, and whether or not it had such notice is a question which should have been submitted to the jury under proper instructions from the court.

May 11, 1887.             Reversed and remanded.